UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Amro E. Atabani,
    Plaintiff

v.                                    Civil No. 05-cv-457-SM

United States Attorney General
    Alberto Gonzales, et al.,
    Defendants

### O R D E R

Defendants move to remand this matter to the United States Citizenship and Immigration Service ("UCIS"). Plaintiff objects.

Plaintiff filed an application to become a naturalized citizen of the United States on March 24, 2004. Two years later, that application has still not been acted upon. Various excuses are offered by defendants. It is suggested, for example, that the FBI is tardy and unresponsive to requests for necessary information, that requisite investigations take time, that the agency is understaffed and overwhelmed, etc. Defendants also add that new information has come to their attention very recently, which raises substantial issues with regard to plaintiff's eligibility for citizenship. Specifically, they say a

"confidential source" has denounced plaintiff as having "ties" to a fanatical Islamic group that is or has been engaged in torture in the Sudan. Whether that information is reliable or simply the dramatic but baseless product of self-interested fabrication cannot be determined on this undeveloped record.

The UCIS, the administrative agency charged with investigating such matters and making such determinations, ought to be afforded an adequate opportunity to do so. The problem is, the UCIS has dragged its feet on this application for quite some time. Two years ought to be enough time for the government to do its work and make a decision, or at least to make a decision based on whatever investigative work it has accomplished to date. But, accepting at face value the government's representation that there is a confidential source, and that the source has somehow linked plaintiff to activities of radical Islamists, including torture, and assuming the government is not merely crying wolf and will attend to the matter expeditiously and with the seriousness that its pleadings imply is warranted, remand is in order.

Defendants' motion to remand (document no. 4) is granted. Under the provisions of 8 U.S.C. § 1447(b) this case is remanded to the UCIS with instructions to complete action on plaintiff's application as expeditiously as possible, but no later than August 15, 2006, absent a further showing of actual necessity for more time notwithstanding diligent efforts. The court will retain jurisdiction (but administratively close the case) thereby excusing plaintiff from having to pay an additional filing fee. The case may be reopened on motion of plaintiff or defendant(s).

The clerk shall close this case.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 7, 2006

cc:  Andru H. Volinsky, Esq.
     George D. Hepner, III, Esq.
     T. David Plourde, Esq.